# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br>Plaintiff,<br>v.<br>MEDEL, *et al.*,<br>Defendants. | Case No. 1:26-cv-06667-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 4)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Larry William Cortinas ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 21, 2026, (ECF No. 1), and submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (ECF No. 4).

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In his complaint, Plaintiff alleges violations of his constitutional rights occurring at North Kern State Prison and the California Substance Abuse Treatment Facility. However, at the time of filing his complaint, Plaintiff was housed at the Stanislaus County Sheriff's Detention Center in Modesto, California. Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. He admits in his complaint that he is not in the care of CDCR, (ECF No. 1 at 10, 11), and he currently remains housed at the Stanislaus County Sheriff's Detention Center. Plaintiff does not allege that he is in any imminent danger of serious physical injury that is related to the events raised in the complaint occurring at either North Kern State Prison or the California Substance Abuse Treatment Facility.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 4), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Cortinas v. Gillingham, Jr.*, 5:99-cv-20730-RMW (N.D. Cal.) (dismissed on February 14, 2000 for failure to state a claim); (2) *Cortinas v. Scalia*, 1:14-cv-02015-SAB (E.D. Cal.) (dismissed on March 30, 2017 because it was clear from plaintiff's pleadings that he failed to exhaust administrative remedies before filing suit); and (3) *Cortinas v. Gates*, 1:19-cv-01709-DAD-SKO (E.D. Cal.) (dismissed on December 7, 2020 for failure to state a claim). *See also Cortinas v. Colvin*, 2:21-cv-02291-DAD-CKD (E.D. Cal.) (concluding plaintiff had struck out and revoking plaintiff's *in forma pauperis* status on September 22, 2025).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 17, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE